IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RICHARD W. WEYEND | § | |
| | § | |
| V. | § | CASE NO. 4:06CV343 |
| | § | |
| THE HUBMAN FOUNDATION, ET AL. | § | |

**ORDER MODIFYING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE AND
FINDING MOTION FOR RECONSIDERATION MOOT**

On June 28, 2007, this Court entered a report and recommendations recommending that the Chapman Group II, LLC's Motion for Intervention be denied (*See* Dkt. 40). Since the Court entered that report, the Chapman Group II, LLC has retained counsel to represent it, rather than appearing through its *pro se* representative, Annie Chapman. Having reviewed the objections to its report and recommendations filed by the Chapman Group II, LLC through its counsel, the Court finds that there is a sufficient basis for intervention under Rule 24 of the Federal Rules of Civil Procedure and modifies its report and recommendations accordingly. This ruling also renders the Chapman Group II, LLC's motion for reconsideration (Dkt. 45) MOOT.

Specifically, as Defendant has now conceded in a sworn affidavit, it appears that intervenor has an interest in the property at issue – a single bond (*See* Dkt. 45 at p. 11). Indeed, the intervenor's interest in that bond, according to the new evidence before the Court, is significantly greater than Plaintiff's interest. And, despite its previous concerns regarding the timeliness of the petition for intervention, the Court cannot disregard the intervenor's apparent shared right to the property at issue. Indeed, the disposition of the action in the manner Plaintiff has requested (and the manner to

1

which Defendant does not object) would impair the Chapman Group II, LLC's ability to protect its interest in the bond.  Further, Plaintiff cannot adequately represent the Chapman Group II, LLC's interests here.  As such, there is grounds for intervention under Rule 24 of the Federal Rules of Civil Procedure and the authorities relying upon it.  *See* FED. R. CIV. P. 24.

Therefore, in light of both its acquisition of counsel and the uncontroverted evidence regarding the two ownership interests in the bond, the Court withdraws its recommendation that the motion for intervention be denied (Dkt. 40) and recommends that the Chapman Group II LLC's motion for intervention (Dkt. 37) be granted and that the Chapman Group II, LLC be permitted to intervene in this suit.

Within ten (10) days after service of the modified magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SO ORDERED.**

**SIGNED this 14th day of November, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE