# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| RICHARD W WEYEND §<br>§<br>§<br>v. §<br>§<br>§<br>HUBMAN FOUNDATION THE, TIM §<br>HUBMAN | Civil Action No.  4:06-CV-00343<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Annie Chapman and the Chapman Group II, LLC's Application for *Writ of Scire Facias* to Renew Judgment (Dkt. #88).  Having considered the motion, the Court finds the motion should be denied at this time.

### BACKGROUND

On February 27, 2009, the Court entered judgment against Defendants Tim Hubman and the Hubman Foundation (Dkt. #87).  To date, Defendants have not satisfied the judgment.  On March 13, 2017, Annie Chapman and The Chapman Group II, LLC ("Interveners"), filed an Application for *Writ of Scire Facias*.  Defendants did not file a response.

In the motion, Interveners ask the Court to (1) enter judgment and (2) renew judgment. The Court has already entered judgment in this case (Dkt. #87).  However, the Court has not "renewed" judgment.

### LEGAL STANDARD

Federal Rule of Civil Procedure 69(a) provides that the procedure on execution of a judgment must accord with the procedure of the state where the court is located. F. R. Civ. P. 69(a).  Under Texas law, a dormant judgment is a judgment that is unsatisfied but not extinguished by lapse of time.  *In re Fitzgerald*, 429 S.W.3d 886, 895 (Tex. App.—Tyler 2014,

no pet. h.). However, because the judgment has gone unexecuted for such a time, it must be revived before it can be executed. *Id.*

In order to prevent a judgment from becoming dormant, a writ of execution must issue within 10 years after the rendition of the judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 34.001(a). A timely issued writ of execution extends the date the judgment becomes dormant to 10 years from the date of the execution of the writ. *See id.* § 34.001(b). Thus, a judgment creditor may renew the judgment "indefinitely by having a writ of execution issued within ten years of the previous writ." *Cadle Co. v. Fahoum*, No. 2-06-459-CV, 2008 WL 754992, at *2 (Tex. App.— Fort Worth Mar. 20, 2008, no pet.) (mem. op).

Once the judgment is dormant, it may be revived by *scire facias* brought before the second anniversary of the dormant date. Tex. Civ. Prac. & Rem. Code Ann § 34.001(b). In determining whether to issue a writ of *scire facias*, the trial court considers the date of the underlying judgment, evidence of any writs of execution issued on the judgment, and the date of the motion to revive the judgment *scire facias*. *Calde Co. v. Rollins*, No. 01–09–00165–CV, 2010 WL 670561, at *2 (Tex. App.—Dallas July 6, 2001, no pet.) (mem. op.). If *scire facies* is issued in the two-year window, the trial court is without discretion and must revive the judgment. *Stedman v. Paz*, 511 S.W.3d 635, 637 (Tex. App.—Corpus Christi 2015, no pet h.).

## ANALYSIS

Here, the date of the underlying judgment is February 27, 2009. Nothing in the record indicates that the Interveners ever filed for a writ of execution. Thus, the judgment becomes dormant on February 27, 2019. Because the judgment is not yet dormant, there is no judgment to "revive" via *scire facias*. *See Sobranes Recovery Pool I, LLC v. Todd & Hughes Const. Corp.*, 509 F.3d 216, 227 n. 39 (5th Cir. 2007). Interveners' must seek enforcement of the judgment via

writ of execution. Execution is a method of enforcing a judgment. *See* Tex. R. Civ. P. 621; *In re Andrews,* 239 F.3d 708, 711 (5th Cir. 2001). To initiate an execution, a judgment creditor must obtain from a court a writ of execution that meets certain requirements and deliver it to a sheriff or constable. *See* Tex. R. Civ. P. 622, 629.

## CONCLUSION

It is therefore **ORDERED** that Interveners Application for *Writ of Scire Facias* to Renew Judgment (Dkt. #88) is hereby **DENIED WITHOUT PREJUDICE**.

**SIGNED this 14th day of July, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE